```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

JESSIE W. DIXON,                    :

    Plaintiff,                       :

vs.                                 :   CIVIL ACTION 08-0247-CG-B

CHERYL PRICE,                       :

    Defendant.                       :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding *pro se*, filed the instant action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Based upon a careful review of the record, the undersigned recommends that this action be transferred to the United States District Court for the Northern District of Alabama.[1]

In his superseding, Court-ordered Amended Complaint, Plaintiff has named Cheryl Price as the sole Defendant. (Doc. 4).[2]

---

[1] Due to the provisions of the Prison Litigation Reform Act of 1996, the Court has not entered an order to collect the filing fee from Plaintiff so that the receiving court may do so. See Doc. 6 (granting Plaintiff leave to proceed in forma pauperis).

[2] In his original Complaint filed in this action, Plaintiff named other persons whom he has also named as Defendants in another § 1983 action, namely Dixon v. State of Alabama, et al., CA 07-717-WS-B, which is pending in this court. Plaintiff's original complaint (Doc. 1) contained allegations very similar to those contained in CA 07-717-WS-B (pending). However, in his Amended Complaint, Plaintiff has asserted different allegations

Plaintiff alleges that Defendant Price is attempting to charge him with a Class C felony for failure to register although he has not yet been released.  Plaintiff contends that this is a violation of his right to be free at the end of his sentence.  Plaintiff asserts that Defendant Price is located in Bibb County, and is the warden at Bibb Correctional Facility.  Indeed, the Alabama Department of Corrections' registry of facilities and employees also reflects that Defendant Price is the warden at Bibb Correctional Facility.

> A § 1983 action may be brought in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *See* New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).  When venue is not proper in the district of filing, a district court may transfer the action to any other district or division where the action might have been brought in the interest of justice.  28 U.S.C. § 1406(a).  In the present action, the events giving rise to Plaintiff's action are alleged to have occurred in Bibb County, and Defendant Price is warden in Bibb County.   Bibb County is located in the Northern District of

---

against Defendant Price.(Doc. 4).

2

Alabama, as opposed to the Southern District; thus, venue is lacking in the Southern District of Alabama. Accordingly, it is recommended, in the interest of justice, that action be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **14th** day of **October, 2008.**

                               **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **14th** day of **October, 2008.**

                                          **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**